## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW CASTRO, individually and on behalf of all similarly situated individuals, | ) ) ) ) | Case No. 22-cv-01265 |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Hon. John F. Kness |
| FEDEX GROUND PACKAGE SYSTEM, INC. a Delaware corporation | ) ) ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Matthew Castro ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this Class Action Complaint against Defendant FedEx Ground Package System, Inc. ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1.      BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints, and facial geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.      This case concerns the misuse of individuals' biometrics by Defendant, a multinational shipping and freight provider. Using biometric enabled technology, Defendant has captured, collected, disseminated, or otherwise used the biometrics of Plaintiff and the other Class

1

members, without their informed written consent as required by law, in order to conduct temperature screening of its employees.

3.     BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

    (1)     inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

    (2)     inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

    (3)     receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

    (4)     make publicly available written retention guidelines for permanently destroying biometric identifiers and biometric information.

4.     Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5.     Defendant has implemented a biometric thermal kiosk system that works by extracting biometric information from individuals, such as their facial geometry or portions thereof, and subsequently using said facial geometry to preform temperature screening. The system includes the dissemination of biometrics to third parties, such as data storage vendors and software providers.

6. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiff's state biometric privacy rights.

9. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of damages, including statutory damages, to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10. At all relevant times, Plaintiff Matthew Castro has been a resident and a citizen of the state of Illinois.

11. Defendant FedEx Ground Package System, Inc. is a Delaware corporation that conducts, and is licensed by the Illinois Secretary of State to conduct, business throughout Illinois, including in Will County, Illinois.

.

3

## JURISDICTION AND VENUE

12.     This case has been removed to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which Defendant has stated: the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection § 1332(d) apply.

13.     This Court may assert personal jurisdiction over Defendant, because Defendant knowingly does business within Illinois and knowingly transacts business in Illinois such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiff's claims arise out of Defendant's in-state actions as Plaintiff's facial biometrics were obtained by Defendant in this District.

14.     Venue is proper in this District because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTS SPECIFIC TO PLAINTIFF

15.     Defendant is an international shipping provider.

16.     Plaintiff was employed by Defendant from 2017 to 2018 and from June 2021 to October 2021 at its facility in Romeoville, Illinois.

17.     During the time period when Plaintiff worked for Defendant, with the onset of the COVID-19 pandemic Defendant implemented automated facial scanning technology to monitor and screen its employees for elevated body temperatures. Such devices collect their users' biometric identifiers, i.e. facial geometry, and convert them to an electronic format *derived from*

those identifiers, i.e. biometric information. Such conversion is necessary for storing biometrics on the device itself, and to allow Defendant to transmit biometric data to third parties.

18.     From June 2021 to July 2021, for Plaintiff to be granted access to Defendant's facility he was required to submit to an automated body temperature screening device which conducted biometric scans that collected and used his face geometry to measure his body temperature and for authentication purposes.

19.     Every morning of Plaintiff's employment during the summer of 2021 prior to being granted entry to the facility Plaintiff was required to approach Defendant's automated temperature screening devices. The device, which has a screen facing those who approached it displays those who approach it in real time.

20.      Plaintiff on numerous occasions watched himself approach Defendant's device from the device's screen display. When close enough, the device by way of biometric technology displays a green box around Plaintiff's face. The device then promptly processes Plaintiff's facial data for screening purposes.

21.     Upon the device's completion of processing Plaintiff's biometric facial data, the device would display that Plaintiff was "authenticated" under his displayed image on the devices screen and additionally display his body temperature. Plaintiff would then be allowed to enter the facility.

22.     Although Defendant collected, stored, and used Plaintiff's biometrics for temperature monitoring purposes, Defendant never provided Plaintiff with any written disclosures informing him that it was collecting his biometrics or explaining the purpose or length of term for which his biometrics would remain in Defendant's possession. Defendant never sought, and

Plaintiff never provided, any written consent relating to Defendant's collection, use, or storage of his biometrics.

23.    Although Defendant came into possession of Plaintiff's biometrics, Defendant has failed to make publicly available any written biometric retention and destruction policy.

24.    In addition, Defendant disseminated electronic information derived from Plaintiff's biometric identifiers to third parties, including vendors, for data storage and historical record keeping purposes without obtaining Plaintiff's consent to do so.

25.    As a result of Defendant's failures to comply with Section 15(b) and 15(d) of BIPA, to this day, Plaintiff is unaware of the status of his biometrics obtained by Defendant.

26.    By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

27.    Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period.

28.    Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

29.    Upon information and belief, there are hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the

exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's personnel records.

30.     Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

31.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a.     Whether Defendant's conduct is subject to BIPA;

b.     Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

c.     Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

d.     Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

e.     Whether Defendant disseminated or disclosed the Class members' biometrics to third parties with their consent;

f.     Whether Defendant's conduct violates BIPA;

g.     Whether Defendant's violations of the BIPA are willful or reckless; and

h.     Whether Plaintiff and the Class are entitled to damages and injunctive relief.

32.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

33.     Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to those of the other members of the Class.

34.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.
### (On behalf of Plaintiff and the Class)

35.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36.     Defendant is a private entity under BIPA.

37.     BIPA requires any private entity, such as Defendant, to obtain informed written consent from individuals before collecting or acquiring their biometric identifiers or biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric

information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

38.     BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information make publicly available a biometric retention and destruction policy. An entity which possesses biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

39.     Plaintiff and the other Class members have had their "biometric identifiers," namely their facial geometry, or information derived therefrom, *i.e.* "biometric information," collected, captured, or otherwise obtained by Defendant.

40.     Each instance Plaintiff and the other Class members were required to scan their face for temperature screening and monitoring, Defendant captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

41.     Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

       a.     Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b.    Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c.    Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.    Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e.    Defendant failed to make publicly available any written retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

f.    Defendant failed to obtain informed consent to disclose, redisclose, or disseminate the Class' biometrics to third parties, as required by 740 ILCS 14/15(d)(1).

42.    By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class's biometrics as described herein, Defendant denied Plaintiff and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

43.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

44. Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

45. Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: May 13, 2022

Respectfully submitted,

MATTHEW CASTRO, individually and on behalf of all similarly situated individuals

By: /s/ *Eugene Y. Turin*
      *One of Plaintiff's Attorneys*

Eugene Y. Turin
Colin P. Buscarini
Steven R. Beckham
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cbuscarini@mcgpc.com
sbeckham@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*